F I L E D
United States Court of Appeals
Tenth Circuit

MAY 14 2001

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

THADDEUS BLACK,

Defendant-Appellant.

No. 00-6225
(D.C. No. CIV-00-204-A)
(W.D. Okla.)

---

ORDER AND JUDGMENT *

---

Before **EBEL** , **PORFILIO** , and **LUCERO** , Circuit Judges.

---

Pursuant to 28 U.S.C. § 2253(c), we previously granted defendant

a certificate of appealability (COA) on the issue of whether the district court

erred in failing to conduct an evidentiary hearing on defendant's claim of

ineffective assistance of counsel. On April 20, 2001, the government filed a brief

stating that a remand to the district court for an evidentiary hearing is necessary.

---

* The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms
and conditions of 10th Cir. R. 36.3.

We agree with the government's position. Accordingly, this matter is remanded to the district court for an evidentiary hearing on defendant's claim that his trial counsel was ineffective in withdrawing the objections to the two and six ounces of crack cocaine and in agreeing to stipulate to a base offense level of 34 for Count 3. If defendant qualifies for the appointment of counsel under 18 U.S.C. § 3006A(g), the district court shall also appoint counsel for defendant pursuant to 28 U.S.C. § 2255 Rule 8(c).

Defendant has also applied for a COA on his claim that his counsel was ineffective in withdrawing the objection to the two-level upward adjustment for obstruction of justice. We deny defendant's application on this issue because it is undisputed that defendant submitted false documentation to the probation officer that could potentially have influenced the sentencing process. Under USSG § 3C1.1, this is sufficient grounds for a two-level upward adjustment for obstruction of justice, and defendant is therefore unable to establish that his counsel was ineffective in withdrawing the objection.

Finally, on October 20, 2000, defendant filed a motion in the district court to withdraw his guilty plea based on an alleged due process violation. On October 20 and 23, 2000, defendant also filed related motions in this court entitled "Motion Requesting the Court of Appeals to Determine if the District Court Lacked Subject-Matter Jurisdiction and Review of His F. R. Crim. P. Rule

32(e) Issue" and "Motion to Show Cause for Failure to Raise Involuntariness of His Plea of Guilty Below." We deny defendant's motions as moot. [1]

For the foregoing reasons, the order and judgment entered by the district court on May 15, 2000, denying defendant's motion under 28 U.S.C. § 2255 are VACATED in part, and this matter is REMANDED to the district court for further proceedings consistent with this order and judgment.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[1] On December 15, 2000, the district court transferred defendant's district court motion to this court for consideration as a second or successive motion under § 2255. On December 29, 2000, this court docketed defendant's motion as a separate appeal, case No. 00-6450, and issued a written notice to defendant directing him to file a motion for permission to file a second or successive § 2255 motion within thirty days. Defendant failed to file a motion for permission within the thirty-day period, and case No. 00-6450 was dismissed on February 7, 2001.

-3-