**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 9 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

THADDEUS BLACK,

    Defendant - Appellant.

No. 02-6022
(D.C. No. CIV-00-204-A,
CR-98-54-A)
(W.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

Defendant-Appellant Thaddeus Black appeals from the denial of his § 2255 motion, arguing that he received constitutionally ineffective assistance of counsel during sentencing after pleading guilty to distribution of cocaine powder and money laundering. Previously, we vacated and remanded the district court's denial of the motion, ruling that an evidentiary hearing was required to determine

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the merits of Black's claim.  See United States v. Black, No. 00-6225, 2001 WL 505965 (10th Cir. May 14, 2001).  The district court held such a hearing, over the course of three days, taking testimony from several witnesses, including the attorney whose performance is at issue.

Black's ineffective assistance claim arises from his attorney's withdrawal of his objections to the court's consideration during sentencing of Black's alleged possession of certain drug quantities as relevant conduct, and his stipulation to a base offense level of 34 for the cocaine possession charge.  After hearing evidence on remand, the district court found that, while one of the withdrawn objections would have been successful, the other objection would have failed, and Black would have ended up with the same base offense level of 34.  Accordingly, the district court ruled that Black had not shown that he suffered prejudice, as is required for an ineffective assistance claim under Strickland v. Washington, 466 U.S. 668 (1984).

Given the district court's reasoning, this appeal turns on only one of the withdrawn objections.  Black contends that his counsel should have objected to the court's consideration, as part of the relevant conduct inquiry, of 6.1 ounces of crack cocaine seized by the police because the government failed to connect Black to the cocaine.  While acknowledging that hearsay evidence may be used at sentencing, Black argues that the government's showing was insufficient because

it consisted of a government agent's "interpretations of out-of-court statements and the review of three year old investigative reports." (Br. at 23.) We have reviewed the transcript of the evidentiary hearing, and agree with the district court that an objection to consideration of the 6.1 ounces would have been fruitless. As the district court recognized:

> The government could have presented strong evidence at sentencing, if the objection had not been withdrawn, that Mr. Black used the Winns' residence [at which the 6.1 ounces of cocaine were found] to store and sell crack cocaine. His connection to the residence was shown by many sources. The incriminating information supplied by the Winns, Mr. Bufford, and Mr. Robinson was corroborated by other evidence obtained by law enforcement, including surveillance and controlled drug buys. Most telling, however, was independent evidence obtained through the execution of the search warrant. Mr. Black's relationship to the residence was plainly shown by the presence of his personal papers, such as the receipt [for an attorney's services in unrelated proceedings] and birth certificate, in the bedroom [where the cocaine was found]. This creates a strong inference that he was using the house for his own purposes, an inference that is not rebutted by any evidence or innocent explanation. Other evidence shows that one purpose for which Black used the house was drug dealing. Therefore, if the Court had heard at sentencing the presentation that the government could have made, but for the withdrawal of the objection, then Mr. Black's objection [to consideration of the 6.1 ounces] would have been overruled.

(Order at 6-7.)

Black challenges various aspects of the government's evidentiary showing, including offering affidavits from several witnesses contradicting earlier statements they made to investigators. Even taking these recantations at face value, however, there was sufficient evidence connecting Black to the 6.1 ounces

of cocaine, and the district court did not commit clear error by finding that the government had satisfied its burden of establishing such a connection. See United States v. Fortier, 180 F.3d 1217, 1225 (10th Cir. 1999) ("[F]acts within the realm of relevant conduct must be proved by a preponderance of evidence."). Black does not dispute that consideration of the 6.1 ounces, standing alone, supports a base offense level of 34; as such, he "failed to establish that he would have received a shorter sentence but for counsel's alleged error." (Order at 7.)

## CONCLUSION

Black's request for a certificate of appealability is DENIED. This appeal is DISMISSED.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge